# EXHIBIT A

Exhibit A
4

2/21/19 @ 10:30 am

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFARILAND, LLC, a Limited Liability Company, an active Corporation,  and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANGELES  GONZALEZ ARIAS, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 0 7 2019

BY Paula Rogers
PAULA ROGERS, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   ¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California,<br><br>San Bernardino Courthouse<br>247 West 3rd Street, San Bernardino CA 92415 | CASE NUMBER:<br>*(Número del Caso)*<br><br>CIVDS 1904309 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RAWA LAW GROUP APC  5843 Pine Ave.. Chino Hills, CA 91709; Tel (909) 393-0660; Fax 888-250-8844

| DATE:<br>*(Fecha)*   FEB 0 7 2019 | Clerk, by<br>*(Secretario)*   **Paula Rogers** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
(SEAL)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Safariland, LLC

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 2/21/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A

5

1  Zahra Khoury (SBN 231065)
2  Ziad Elrawashdeh (SBN 237166)
   **RAWA LAW GROUP, APC**
3  5843 Pine Ave.
4  Chino Hills, CA 91709
   Telephone: (909) 393-0660
5  Facsimile: (888) 250-8844

6  Attorneys for Plaintiff **ANGELES GONZALEZ ARIAS**

7

8              **SUPERIOR COURT IN THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN BERNARDINO**

10

11  ANGELES   GONZALEZ ARIAS, an      **CASE NO.** ___CIVDS 1904309___
    individual,
12
                                      **COMPLAINT FOR DAMAGES:**
13              Plaintiff,              **1.    Disability Discrimination**
                                       **2.    Retaliation**
14        vs.                          **3.    Wrongful Termination in**
                                             **Violation of Public Policy**
15  SAFARILAND, LLC, a Limited Liability    **4.    Failure to Prevent**
16  Company, an active Corporation,  and DOES 1   **Discrimination**
    through 50, inclusive,             **5.    Failure to Provide Reasonable**
17                                          **Accommodation**
              Defendants.             **6.    Failure to Engage in an**
18                                          **Interactive Process**
                                       **7.    Violation of FEHA CFRA Leave**
19

20

21                                    **DEMAND FOR JURY TRIAL**
22

23

24                      **GENERAL ALLEGATIONS**
25        Plaintiff, ANGELES GONZALEZ ARIAS ("Plaintiff" or "ARIAS") brings this action
26  against defendants SAFARILAND, LLC ("Defendant" or "SAFARILAND") and DOES 1
27  through 50, inclusive, (collectively "DEFENDANTS") and alleges as follows:
28        1.    This Court has proper jurisdiction of this action because the alleged wrongful and

                                      - 1 -

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 07 2019

BY _Paula Rogers_
      PAULA ROGERS-DEPUTY

discriminatory conduct occurred at a place of employment situated in Ontario, California.

2.     Plaintiff is an adult female, living in the City of Fontana, in the State of California;

3.     At all material times, Plaintiff was an employee of DEFENDANT within the meaning of California's Government Code §§ 12940 et seq. ("FEHA"), which obligates employers to provide a work environment free from discrimination, harassment, and retaliation and to take all reasonable steps necessary to prevent discrimination and harassment from occurring;

4.     On information and belief, and at all times material to this Complaint, Defendant SAFARILAND was and is an active limited liability company, conducting business at 3120 Mission Blvd, Ontario, California 91761. SAFARILAND is an employer within the meaning of FEHA and, as such, is barred from discriminating in employment, as set forth in FEHA.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore, sue these defendants by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries as alleged herein were proximately caused by the conduct of said Doe defendants;

6.     Plaintiffs is informed and believes and, on that basis, alleges that, at all material times herein, each of the DEFENDANTS was the agent, employee, and/or working in concert with the co-defendants and was acting within the course and scope of such agency, employment and/or concerted activity. Plaintiff is informed and believes and, on that basis, alleges that, all actions of each DEFENDANT herein alleged were ratified and approved by the other individual defendants and by the officers and managing agents of each other corporate defendants. To the extent that certain acts and omissions were perpetrated by certain DEFENDANTS, the remaining defendant or DEFENDANTS confirmed and ratified said acts and omission;

7.     Plaintiff is informed and believes and, on that basis, alleges that at all material times herein each defendant was completely dominated and controlled by his co-defendant and each was the alter-ego of the other;

8.     Within the time provided by law, Plaintiff, filed charges with the California Department of Fair Employment and Housing (DFEH) and obtained right to sue notices.

- 2 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

10.    Plaintiff ARIAS was hired by DEFENDANT SAFARILAND in or about 2004 as a seamstress. Her duties encompassed making new vests and alterations.

11.    On or about October 17, 2017 plaintiff was repairing the collard of a bullet proof vest when she felt sharp shooting pain in her thumbs and fingers.

12.    On or about October 21, 2017, plaintiff was seen at Kaiser and was diagnosed with tendinitis of the bilateral wrists. She was provided with wrists splints and Motrin. At that time, the doctor took her off work from 10/21/17 through 10/24/17. Defendant was notified of the condition and the time off work.

13.    On or about November 7, 2017, Defendant ordered plaintiff transferred to the OPARC department. Her job duties in that department consisted of inserting items such as bolts and screws inside zip lock bags. Defendant did not communicate with plaintiff nor did they discuss the nature of the essential functions of her position. Defendant merely ordered her transferred.

14.    Plaintiff underwent physical therapy at Concentra whereby she was diagnosed with Radial Styloid Tenosynovitis (De Quervain); Sprain of left and right wrists and hands. Plaintiff continued working while undergoing her treatment.

. 15.    On or about January 17, 2018, she was seen by Dr. Heidari whereby treatment in form of cortisone injection was provided and she was to continue to work with restrictions as follows: no use of sewing machine and a 10-pound weight restriction.

16.    On or about January 31, 2018, Plaintiff was released to full duties. Nevertheless, defendant refused to return plaintiff to her position and kept her in the OPARC Department. Plaintiff was a seamstress who took great pride in her work. She just wanted to continue working with dignity. OPARC is a nonprofit organization that serves adults with intellectual and developmental disabilities. Defendant had a section whereby individuals with developmental disabilities would work in packaging type positions. Plaintiff was transferred to said department, although still on location with defendant.  Defendant stopped including her in work events as if she did not exist. Plaintiff advised defendant on multiple occasions that she was released to work

- 3 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

in her position as a seamstress which she has performed for over fourteen years to no avail. Defendant had her package zip lock bags in the OPARC department.

17.     In or about April 2018, plaintiff's father got very ill in Mexico. She requested time off work to take care of her severely ill father. Defendant denied the two-month leave and did not even advise plaintiff that she was entitled to a protected leave under the California Family Rights Act (CFRA). Plaintiff continued to work.   In or about June 2018, plaintiff's father passed away in Mexico. To date, plaintiff feels the agony and sadness as defendant illegally denied her the ability to care for her dad during his final days and months.

18.     Further, despite repeated requests, defendant continued to refuse to give plaintiff her position back.

19.     On September 12, 2018 Plaintiff was examined by an Agreed Medical Examiner Mark Mandel, MD.  She was released to work with the restrictions "no very repetitive forceful gripping, grasping, pinching, holding, twisting, torqueing or flexion –extension with a similar magnitude loss of her pre-injury capacity for fine finger manipulation and dexterity, estimated to be 16% bilaterally. Dr. Mandel stated that she was able to do her job as a seamstress. Defendant again refused to give plaintiff her job.

20.     Plaintiff complained that opening and closing zip lock bags all day long was strenuous and she needed her job back to no avail.

21.     Plaintiff also complained to Dr. Mandel and he noted it in his report.  Defendant was deliberately keeping her in the OPARC department for no valid reason.

22.     Defendant refused to give her her job back or even engage in a good faith interaction regarding her ability to perform her regular job.

23.     On or about October 16, 2018, plaintiff was at work performing her duties. She was called in to the office. The head of security was present along with Nicole from Human Resources. Marisol was also present to translate for Nicole.  Nicole wanted plaintiff to "write a letter saying that she was still injured and that she never notified them that she was still injured." Plaintiff said that she could not write such letter as it was not true. At that time, defendant terminated her employment. Defendant then escorted plaintiff out immediately in front of all the employees. At 61 years old, after approximately seventeen years of service with this employer, plaintiff was never humiliated as much as she was humiliated on that day. Defendant deliberately

- 4 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

attempted to make a mockery out of her. Plaintiff had worked throughout her treatment and no matter what assignment she was given, she never said no.

24.     On or about January 21, 2019 ARIAS filed a complaint with the California Department of Fair Employment and Housing and received her right to sue letter. (**Exhibit A**)

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### AGAINST SAFARILAND,
### AND DOES 1 THROUGH 50 INCLUSIVE

25.     PLAINTIFF re-alleges and incorporates by reference the allegations in all preceding paragraphs as though fully set forth herein;

26.     California Government Code Section 12926.1 (b) indicates in pertinent parts that it is the intent of the Legislature that the definitions of *physical disability and mental disability* be construed so that applicants and employee are protected from discrimination due to an actual or perceived physical or mental impairment that is disabling, *potentially disabling, or perceived as disabling or potentially disabling.* Defendant escorted plaintiff off while she was working and performing the essential functions of her duties in the OPARC department.

27.     PLAINTIFF'S actual and/or perceived disability was a motivating factor for DEFENDANT's adverse employment actions against PLAINTIFF by DEFENDANTS, and/or their agents/employees, in violation of Government Code § 12940(a).

28.     DEFENDANTS' discriminatory conduct was a substantial factor in causing harm to PLAINTIFF, including but not limited to: loss of earnings and other employment benefits, physical injuries, pain and suffering, mental anguish and emotional distress. As such, PLAINTIFF is entitled to general and compensatory damages in amounts to be proven at the time of trial;

29.     As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

- 5 -

COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

30.   The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.   Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

### SECOND CAUSE OF ACTION
### RETALIATION
### IN VIOLATION OF GOVERNMENT CODE § 12940
### AGAINST ALL DEFENDANTS

31.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

32.   California law prohibits an employer from retaliating against any employee who engages in protected activity under the Fair Employment and Housing Act ("FEHA") which is contained in the California's Government Code at section 12900 and those that follow. Government Code section 12940, subdivision (h), protects from retaliation employees who resist or object to discrimination or harassment. That provision makes it unlawful "[f]or any employer ... or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." To establish a prima facie case of retaliation, a plaintiff must show that (1) he or she engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) the protected activity and the employer's adverse action were causally connected. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042.); in the case at bar, after the request for reasonable accommodation, defendant terminated plaintiff's employment, in direct retaliation thereof.

33.   As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering and extreme severe mental anguish and emotional distress. PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial;

- 6 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

34.     As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

35.     The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF' S rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said DEFENDANTS.

**THIRD CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**AGAINST SAFARILAND**
**AND DOES 1 THROUGH 50 INCLUSIVE**

36.     PLAINTIFF re-alleges and incorporates by reference the allegations in all the preceding paragraphs as though fully set forth herein;

37.     As articulated above, a motivating reason PLAINTIFF was subjected to adverse employment actions by DEFENDANTS was a result of DEFENDANTS' violations of fundamental public policies. It is against fundamental public policy to discriminate on the basis of an individual's disability/mental condition and for requesting and taking a medical leave. These public policies are set out by the California Fair Employment and Housing Act (Government Code § 12940 et seq), the California Constitution Article 1, §4, and California Civil Code § 51.

38.     DEFENDANTS conduct was a substantial factor in causing harm to PLAINTIFF, including but not limited to: loss of earnings and other employment benefits, physical injuries, pain and suffering, mental anguish and emotional distress. As such, PLAINTIFF is entitled to general and compensatory damages in amounts to be proven at the time of trial;

39.     The conduct of DEFENDANTS and each of them as described above was

malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFFS rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS' and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

**FOURTH  CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION**
**IN VIOLATION OF GOVERNMENT CODE §§ 12940(j) and (k)**
**AGAINST ALL DEFENDANTS**

40.    PLAINTIFF re-alleges and incorporates by reference the allegations in all the preceding paragraphs as though fully set forth herein;

41.    As articulated more fully above, SAFARILAND AND DOES 1-50, and/or their agents/employees, violated Government Code § 12940(j) and (k), by failing to take all reasonable steps necessary to prevent discrimination and/or harassment from occurring and by failing to remedy such discrimination and/or harassment.  By placing supervisors in position of power and approving said supervisors' adverse actions with discriminatory motive, SAFARILAND failed to take all reasonable steps to prevent discrimination in the workplace.

42.    SAFARILAND AND DOES 1-50's failure to take all reasonable steps necessary to prevent and/or remedy the discrimination and harassment was a substantial factor in causing harm to PLAINTIFF, including but not limited to: loss of earnings and other employment benefits, physical injuries, pain and suffering, mental anguish and emotional distress. As such, PLAINTIFF is entitled to general and compensatory damages in amounts to be proven at the time of trial;

43.    As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney.  PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

44.    The conduct of SAFARILAND AND DOES 1-50 and each of them as

- 8 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

Exhibit A
13

described above[1] was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of SAFARILANDINC., AND DOES 1-50 actions. SAFARILAND and DOES 1-50 inclusive and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to punitive damages against each of them.

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION
### AGAINST ALL DEFENDANTS

45.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

46.   In Violation of Government Code § 12940(m) DEFENDANTS, and each of them, and/or their agents/employees failed to provide reasonable accommodation for PLAINTIFF'S known and/or perceived disability. Defendant terminated his employment in lieu of providing him with reasonable accommodation in the form of either continuing his regular work with modifications or allowing time off work

47.   As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering and mental anguish and emotional distress. PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial;

48.   As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

49.   The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of DEFENDANTS actions.

- 9 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

Exhibit A

14

DEFENDANTS and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to punitive damages against each of said DEFENDANTS.

**SIXTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS**
**IN VIOLATION OF GOVERNMENT CODE § 12940(n)**
**AGAINST ALL DEFENDANTS**

50.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

51.   In Violation of Government Code § 12940(n) DEFENDANTS, and each of them, and/or their agents/employees failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for his known or perceived mental condition and or physical disability. As indicated supra, in lieu of inquiring about the physical restriction and allowing modified or alternate job, defendant terminated plaintiff's employment.

52.   As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering and extreme severe mental anguish and emotional distress. PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial;

53.   As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

54.   The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF' S rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized,

- 10 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said DEFENDANTS.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF FEHA CFRA LAVE
### IN VIOLATION OF GOVERNMENT CODE § 12945.2
### AGAINST ALL DEFENDANTS

55.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein;

56.     The California Family Rights Act (CFRA) authorizes eligible employees to take up a total of 12 weeks of paid or unpaid job-protected leave during a 12-month period, for one or more of the following reasons: .... To care for an immediate family member (spouse, child or parent) with a serious health condition.

57.     Plaintiff requested time off work to care for her seriously ill father and defendant denied the time off request. Plaintiff's father passed away in June 2018 and plaintiff was not there to care for him or say her final goodbye before he passed away.

58.     As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has suffered and will continue to suffer physical injuries, pain and suffering and extreme severe mental anguish and emotional distress. PLAINTIFF has suffered and continues to suffer a loss of earnings and other employment benefits. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial;

59.     As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code § 12965(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known;

60.     The conduct of DEFENDANTS and each of them as described above was malicious, fraudulent, and/or oppressive and done with a willful and conscious disregard for PLAINTIFF' S rights and for the deleterious consequences of DEFENDANTS actions. DEFENDANTS and each of them, and their agents/employees or supervisors, authorized,

- 11 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

Exhibit A

16

1    condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to

2    punitive damages against each of said DEFENDANTS.

3
                                    **PRAYER FOR RELIEF**
4
        **WHEREFORE**, PLAINTIFF prays for Judgment against DEFENDANTS and DOES 1
5
     through 50, inclusive as follows:
6
        1.      For all actual, consequential and incidental financial losses, including but not
7
     limited to loss of earnings, employment benefits, and employment opportunities according to
8
     proof;

9       2.      For compensatory and general damages according to proof;

10      3.      For exemplary and punitive damages;

11      4.      For Statutory Attorneys' fees and costs;

12      5.      For costs of suit;

13      6.      For pre-judgment and post judgment interest, at the legal rate; and

14      7.      For such other and further relief as the Court deems appropriate and just

15
                                     Respectfully submitted
16

17   Dated: January 29, 2019               RAWA LAW GROUP, APC

18

19

20                                         Zahra Khoury
                                           Attorney for Plaintiff
21

22

23

24

25

26

27

28
                                        - 12 -
                              COMPLAINT FOR DAMAGES
                                                     *Gonzalez-Arias v Safariland LLC*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: January 29, 2019                    RAWA LAW GROUP, APC

_____
Zahra Khoury
Attorney for Plaintiff

- 13 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*

Exhibit A
18



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

- 14 -
COMPLAINT FOR DAMAGES

*Gonzalez-Arias v Safariland LLC*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                                             KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 28, 2019

Zahra Khoury
Rawa Law Group, APC 5843 Pine Avenue
Chino Hills, California 91709

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201901-04855721
      Right to Sue: Gonzalez Arias / SAFARILAND, LLC

Dear Zahra Khoury:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Angeles Gonzalez Arias                                    DFEH No. 201901-04855721

Complainant,

vs.

SAFARILAND, LLC
3120 East Mission Blvd.
Ontario, California 91761

Respondents
_____

1. Respondent **SAFARILAND, LLC**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Angeles Gonzalez Arias**, resides in the City of **Chino Hills** State of **California.**

3. Complainant alleges that on or about **October 16, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied reasonable

-1-
*Complaint – DFEH No. 201901-04855721*

Date Filed: January 21, 2019
Date Amended: January 28, 2019

Exhibit A
21



1   accommodation for a disability, denied family care or medical leave (cfra)
2   (employers of 50 or more people).

3   **Additional Complaint Details: \*\*** Chino Hills is a computer default

4
5   Upon information and belief: Ms. Gonzalez Arias was  subjected to the following:
    wrongful termination, failure to provide reasonable accommodation, failure to
6   engage in the interactive process.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        -2-
                    *Complaint – DFEH No. 201901-04855721*

28   Date Filed: January 21, 2019
     Date Amended: January 28, 2019

Exhibit A

22

1   VERIFICATION

2   I, **Angeles Gonzalez**, am the **Complainant** in the above-entitled complaint.  I have
3   read the foregoing complaint and know the contents thereof.  The same is true of my
    own knowledge, except as to those matters which are therein alleged on information
4   and belief, and as to those matters, I believe it to be true.

5   On January 28, 2019, I declare under penalty of perjury under the laws of the State of
    California that the foregoing is true and correct.
6
7                                                                                **Fontana CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                               -3-
27                          *Complaint – DFEH No. 201901-04855721*

28   Date Filed: January 21, 2019
     Date Amended: January 28, 2019



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

January 21, 2019

Angeles Gonzalez Arias
c/o Rawa Law Group, APC 5843 Pine Avenue
Chino Hills, California 91709

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201901-04855721
Right to Sue: Gonzalez Arias / SAFARILAND, LLC

Dear Angeles Gonzalez Arias,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 21, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Exhibit A
24

1    **COMPLAINT OF EMPLOYMENT DISCRIMINATION**
         **BEFORE THE STATE OF CALIFORNIA**
2    **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
       **Under the California Fair Employment and Housing Act**
3               **(Gov. Code, § 12900 et seq.)**

4    **In the Matter of the Complaint of**
5    Angeles Gonzalez Arias                    DFEH No. 201901-04855721

6                            Complainant,
7    vs.

8    SAFARILAND, LLC
     3120 East Mission Blvd.
9    Ontario, California 91761

10                        Respondents
11   _____

12   1. Respondent **SAFARILAND, LLC** is an **employer** subject to suit under the
     California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
13

14   2. Complainant **Angeles Gonzalez Arias**, resides in the City of **Chino Hills** State of
     **California.**
15

16   3. Complainant alleges that on or about **October 16, 2018**, respondent took the
     following adverse actions:

17   **Complainant was harassed** because of complainant's disability (physical or
18   mental).

19   **Complainant was discriminated against** because of complainant's disability
     (physical or mental) and as a result of the discrimination was terminated, denied a
20   work environment free of discrimination and/or retaliation, denied reasonable
     accommodation for a disability.
21

22   **Complainant experienced retaliation** because complainant reported or resisted
     any form of discrimination or harassment, requested or used a disability-related
23   accommodation and as a result was terminated, denied a work environment free of
     discrimination and/or retaliation, denied reasonable accommodation for a disability.
24

25   **Additional Complaint Details:** ** Chino Hills is a computer default

26
                                    -1-
27              *Complaint – DFEH No. 201901-04855721*
28   Date Filed: January 21, 2019



1

2

3  Upon information and belief: Ms. Gonzalez Arias was  subjected to the following: wrongful termination, failure to provide reasonable accommodation, failure to engage in the interactive process.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
-2-
*Complaint – DFEH No. 201901-04855721*

28
Date Filed: January 21, 2019

1 | VERIFICATION

2 | I, **Angeles Gonzalez**, am the **Complainant** in the above-entitled complaint.  I have
3 | read the foregoing complaint and know the contents thereof.  The same is true of my
own knowledge, except as to those matters which are therein alleged on information
4 | and belief, and as to those matters, I believe it to be true.

5 | On January 21, 2019, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
6 |

7 | **Fontana CA**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | -3-
*Complaint – DFEH No. 201901-04855721*

28 | Date Filed: January 21, 2019

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ziad Elrawashdeh SBN 237166  Zahra Khoury SBN 231065 Rawa Law Group APC 5843 Pine Avenue Chino Hills California 91709 TELEPHONE NO  909-393-0660    FAX NO:  888-250-8844 ATTORNEY FOR *(Name)*  Plaintiff Angeles Gonzalez Arias | **F I L E D** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT FEB 07 2019 *Paula Rogers* BY _____ PAULA ROGERS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS  247 West 3rd Street,
MAILING ADDRESS
CITY AND ZIP CODE  San Bernardino 92415
BRANCH NAME  San Bernardino Justice Center

CASE NAME:
Angeles Gonzalez Arias v Safariland LLC et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited      [ ] Limited (Amount         (Amount demanded       demanded is exceeds $25,000)    $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS 1904309 |
| | | JUDGE: |
| | | DEPT. |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*  7

5. This case [ ] is  [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  01/29/2019
Zahra Khoury
_____                    ►    _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc. www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov |

Exhibit A
28

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220  of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
          Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
          Physicians & Surgeons
        Other Professional Health Care
          Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
          and fall)
        Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
        Intentional Infliction of
          Emotional Distress
        Negligent Infliction of
          Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
          *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
          Contract *(not unlawful detainer
          or wrongful eviction)*
        Contract/Warranty Breach–Seller
          Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
          Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
          Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (36) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or
        Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
          Case Matter
        Writ–Other Limited Court Case
          Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally
        complex case type listed above)*
        (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
          County)
        Confession of Judgment *(non-
          domestic relations)*
        Sister State Judgment
        Administrative Agency Award
          *(not unpaid taxes)*
        Petition/Certification of Entry of
          Judgment on Unpaid Taxes
        Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
          harassment)*
        Mechanics Lien
        Other Commercial Complaint
          Case *(non-tort/non-complex)*
        Other Civil Complaint
          *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified above)*
        (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
          Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief from Late
          Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Angeles Gonzalez Arias

CASE NO.: _____   CIVDS 1904309

vs.

**CERTIFICATE OF ASSIGNMENT**

Safariland, LLC

---

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Defendant business location |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Safariland, LLC. | 312 | |
|---|---|---|
| NAME:– INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| Ontario | CA | 91764 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 01/29/2019 _____ at Chino Hills _____, California

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

Exhibit A
30

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                                    CASE NO: CIVDS1904309
  RAWA LAW GROUP, APC
  5843 PINE AVE
  CHINO HILLS CA 91709
                          NOTICE OF TRIAL SETTING CONFERENCE


IN RE: ARIAS -V- SAFARILAND, LLC

THIS CASE HAS BEEN ASSIGNED TO: DONALD  ALVAREZ IN DEPARTMENT S23
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 08/13/19 at  8:30 in Dept. S23


DATE: 02/13/19  Nancy Eberhardt, Court Executive Officer
                                    By: PAULA ROGERS
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                      CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 02/13/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 02/13/19 at San Bernardino, CA

                                    BY: PAULA ROGERS


Exhibit A
31