# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-00522-SVW-SHK | Date | May 28, 2019 |
| Title | *Angeles Gonzales Arias v. Safariland, LLC et al.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO FILE AMENDED NOTICE OF REMOVAL [16] AND DENYING PLAINTIFF'S MOTION TO REMAND [12]

## I. Introduction

Plaintiff Angeles Gonzales Arias originally filed this employment discrimination action in state court on February 7, 2019. Dkt. 1-2. On March 22, 2019, Defendant Safariland, LLC removed the case on the basis of diversity jurisdiction. Dkt. 1. Plaintiff now moves to remand. Dkt. 12. Defendant moves for leave to file an amended notice of removal. Dkt. 16.

## II. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

If a plaintiff elects to file an action in state court, the defendant generally has the option of removing the case from state court to federal court under the general removal statute as long as the federal court has original subject-matter jurisdiction. 28 U.S.C. § 1441(a). There are, however, procedures for proper removal. For example, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

### III. Discussion

Plaintiff raises several arguments as to why remand is warranted: first, "[D]efendant [did] not remove the matter within thirty . . . days from receiving notice that the action was potentially removable"; second, Defendant's original Notice of Removal "did not provide admissible evidence supporting Diversity Jurisdiction"; and third, Defendant's Amended Notice of Removal was "not timely," "was filed without leave of court," and "remained substantively deficient as it relied on inadmissible evidence to support the allegations of diversity jurisdiction." Dkt. 12 at 2.

#### A. Original Notice of Removal

##### 1. *Timeliness*

Defendant was served with Plaintiff's Complaint on February 21, 2019, Dkt. 1-3, and Defendant filed its Notice of Removal on March 22, 2019, Dkt. 1. March 22 is within thirty days of February 21. Thus, Defendant's Notice of Removal was timely.

##### 2. *Sufficiency of Jurisdictional Allegations*

Plaintiff contends that the Notice of Removal did not establish diversity jurisdiction because it did not properly address Defendant's citizenship or allege that the amount in controversy exceeds $75,000.

    *i.*    *Citizenship*

Defendant alleged in its Notice of Removal that removal was based on diversity jurisdiction. Dkt. 1 ¶ 7. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, in its Notice of Removal, Defendant did not make any allegations regarding the citizenship of its members; rather, it alleged that Defendant itself was "created and organized under the laws of the State of Delaware, with its headquarters and principal place of business in the State of Florida." *Id.* ¶ 9. Because Defendant did not make any allegations regarding the citizenship of its members, it did not sufficiently establish diversity jurisdiction.

    *ii.*    *Amount in Controversy*

Plaintiff's Complaint was "silent as to the amount of damages" sought. Dkt. 12 at 16. "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on all of his claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The amount in controversy may include punitive damages. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

Here, Plaintiff seeks: (1) economic damages for past and future wage loss; (2) damages for emotional distress; (3) punitive damages; and (4) attorneys' fees. *See* Dkt. 1-2. The Notice of Removal includes explanations and calculations estimating that, if successful, Plaintiff would recover more than $150,000. Dkt. 1 at 5-7. The Court recognizes that these are estimates; however, it is nonetheless satisfied that it is more likely than not that the amount in controversy exceeds $75,000.

    *iii.*    *Summary*

Because the Notice of Removal did not offer sufficient factual allegations to establish diversity jurisdiction, removal on the basis of that Notice of Removal is improper. However, Defendant seeks to

amend its Notice of Removal in order to remedy the defect.

**B.    Amended Notice of Removal**

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

*1.    Timeliness*

In the Ninth Circuit, a party may amend its allegations of jurisdiction pursuant to Section 1653 at any time, not just within the original thirty-day period for removal. *Kacludis v. GTE Spring Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992) ("In this circuit, as in every circuit court that has dealt with the question elsewhere, defects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal."); *see also Mantin v. Broad. Music, Inc.*, 244 F.2d 204, 206-07 (9th Cir. 1957). Thus, the fact that Defendant is seeking to amend its Notice of Removal after the original thirty-day period for removal does not render the request untimely.

*2.    Leave of Court*

Plaintiff contends that it was inappropriate for Defendant to file its purported Amended Notice of Removal, Dkt. 6, without leave of this Court. However, because Defendant has moved for leave to file an amended notice of removal, Dkt. 16, Plaintiff's argument is moot.

*3.    Appropriateness of Amendment*

A "shortcoming in jurisdictional allegations is not fatal . . . [when] [it] can be easily cured by amendment." *Ireland v. Centralbanc Mortg. Corp.*, No. 5:12-cv-02991 EJD, 2012 WL 4181418, at *3 (N.D. Cal. Sept. 18, 2012); *see also Kacludis*, 806 F. Supp. at 869 ("[D]efects in form of a removal petition are amendable [and . . .] [t]his is particularly true where . . . the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form."); *Mantin*, 244 F.2d at 206-07 ("[The] jurisdictional allegations were defective in that they did not include an allegation that plaintiff was a citizen of California. However, it may well be that, in truth and in fact, plaintiff was at the

commencement of this action, and still is, a citizen of California. If so, he may desire to move this court for leave to amend in this court the jurisdictional allegations of the complaint . . . . Therefore, if he so desires, plaintiff may file such a motion . . . ."). The "majority of courts . . . allow defendants to amend defective allegations of jurisdiction in their notice as long as the initial notice of removal was timely filed and sets forth the same legal grounds for removal." *Geerlof v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02175-MCE-KJN, 2014 WL 1415974, at *2 (E.D. Cal. Apr. 14, 2014) (citations and quotation marks omitted).

Here, Defendant alleged diversity of citizenship in its original Notice of Removal but, by applying the wrong legal test for establishing the citizenship of an LLC, did so inadequately. Now, Defendant seeks to file an amended notice of removal that relies on the same jurisdictional ground (diversity of citizenship) and comes to the same conclusion (diversity based on Defendant's citizenship). The difference is that Defendant would apply the correct legal test. Amendment under Section 1653 is permitted for this type of defect. *See Anderson v. Serenity Gathering, LLC*, No. 3:16-cv-02802-GPC-KSC, 2017 WL 192268, at *1-3 (S.D. Cal. Jan. 18, 2017) (permitting amendment where the defendant LLC's original notice of removal alleged the LLC's state of organization and principal place of business, not the citizenship of the LLC's members) (citing *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971) (granting leave to amend removal petition, where defendant corporation removed on the basis of diversity jurisdiction, but failed to state plaintiff's state of citizenship and failed to list its own principal place of business)). The Court thus GRANTS Defendant's motion for leave to file an amended notice of removal.

### 4. *Sufficiency of Jurisdictional Allegations*

The Court is satisfied that Defendant's amended notice of removal will sufficiently allege diversity jurisdiction. As discussed above, the original Notice of Removal sufficiently alleged an amount in controversy exceeding $75,000. Furthermore, Defendant has made a sufficient showing regarding Defendant's citizenship. Defendant's sole member, Maui Acquisition Corp., is organized under the laws of the State of Delaware and its principal place of business is in the State of Florida. *See* Dkts. 6-1, 6-2, 16-2, and 16-3. All board meetings and related company business take place in Florida. Dkt. 16-2 ¶ 4. Plaintiff attempts to cast doubt on the probative value and admissibility of the numerous declarations that Defendant has submitted in support of its jurisdictional allegations, but such attempts are

: 

Initials of Preparer

PMC

unavailing. *See, e.g.*, *Nownejad v. Farmers Ins.*, No. CV 13-6507 PSG (JCx), 2013 WL 12133652, at *2 (C.D. Cal. Nov. 25, 2013) ("Plaintiff . . . claims that Defendants' removal papers are hearsay, not based on personal knowledge, without foundation, and not made under oath. The Court disagrees. The Court is satisfied that Defendants' removal papers are based on admissible evidence. Defendants' notice of removal was supported by four declarations made under penalty of perjury, public records, and the filings in the state court case."); *see also Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc.*, No. CV 16-1068-GW (JEMx), 2016 U.S. Dist. LEXIS 54348, at *9-12 (C.D. Cal. Apr. 21, 2016) (holding that a declaration based on the personal knowledge of a paralegal employed by the defendant was sufficient to establish the defendant's citizenship). Because the jurisdictional allegations that Defendant will include in its amended notice of removal are sufficient to establish diversity jurisdiction, the Court DENIES Plaintiff's motion to remand.

## IV. Conclusion

For the reasons discussed above, the Court GRANTS Defendant's motion for leave to file an amended notice of removal, Dkt. 16, and DENIES Plaintiff's motion to remand, Dkt. 12. Defendant is ORDERED to file its amended notice of removal within ten days.

IT IS SO ORDERED.

:

Initials of Preparer

PMC